IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VICTOR ARRIAGA | § |
| | § |
| v. | § |
| | § |
| CITY OF BEEVILLE, TEXAS; | § |
| ARTURO GAMEZ, *Individually*; | § CIVIL ACTION NO: 2:16-cv-101 |
| GREGORY BARON, *Individually*; | § JURY TRIAL |
| CHRIS VASQUEZ, *Individually*; | § |
| NATHAN HAZELTON, *Individually*; | § |
| JOHN BERRY, *Individually*; | § |
| KENNETH JEFFERSON, *Individually*; | § |
| MATTHEW MILLER, *Individually*; and | § |
| SALVADOR SANCHEZ, II, *Individually*; | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Plaintiff, Victor Arriaga, filing this, his *Plaintiff's Original Complaint*, and bringing this action against the City of Beeville, Texas, Arturo Gamez, *Individually*, Gregory Baron, *Individually*, Chris Vasquez, *Individually* Nathan Hazelton, *Individually*, John Berry, *Individually*, Kenneth Jefferson, *Individually*, Matthew Miller, *Individually*, and Salvador Sanchez, II, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

1

## PARTIES

2. Plaintiff, Victor Arriaga, who brings this suit in his own behalf, is a resident of Beeville, Texas.

3. Defendant City of Beeville, Texas (hereinafter "City"), is a political subdivision of the State of Texas and can be served with summons upon City of Beeville, Texas, Mayor David Carabajal, 400 N Washington Beeville, Texas 78102.

4. Defendant Arturo Gamez (hereinafter "Gamez") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Gamez may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

5. Defendant Gregory Baron (hereinafter "Baron") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Baron may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

6. Defendant Chris Vasquez (hereinafter "Vasquez") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Vasquez may be served with summons at his place of employment, BEEVILLE POLICE

Department, 402 N. Washington, Beeville, Texas 78102.

7. Defendant Nathan Hazelton (hereinafter "Hazelton") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Hazelton may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

8. Defendant John Berry (hereinafter "Berry") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Berry may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

9. Defendant Kenneth Jefferson (hereinafter "Jefferson") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Jefferson may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

10. Defendant Matthew Miller (hereinafter "Miller") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Miller

may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

11.     Defendant Salvador Sanchez, II (hereinafter "Sanchez") was, at all times material to this suit, an officer employed by the Beeville Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Beeville Police Department. Defendant Sanchez may be served with summons at his place of employment, BEEVILLE POLICE DEPARTMENT, 402 N. Washington, Beeville, Texas 78102.

## **FACTS**

12.     Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

13.     On or about April 17, 2014, Plaintiff was a passenger in a vehicle in Beeville, Texas. Defendant Gamez, pulled the vehicle that Plaintiff was traveling over to effectuate an alleged warrant. Defendant Gamez approached the passenger's side window where Plaintiff was sitting in the vehicle and knocked. Plaintiff rolled down the window and Defendant Gamez asked Plaintiff to step out of the vehicle. Plaintiff asked Defendant Gamez why he wanted him to step out of the vehicle and Defendant Gamez stated that he had a warrant for his arrest. Plaintiff asked them to produce a copy of the warrant. At that time Defendants Gamez and Baron pulled Plaintiff out of the car and threw him on the ground, subdued Plaintiff and handcuffed him. Defendants Gamez and Baron escorted Plaintiff to the front of the vehicle and slammed him head first into the hood of the patrol car. Plaintiff protested at this treatment and said that they had no right to do this

4

to him. Plaintiff was told that he was resisting and was once again thrown to the ground. Wanting to get in on the action Defendants Vasquez, Hazelton, Berry, Jefferson, Miller and Sanchez, dogpiled on Plaintiff. While on the ground Defendants tazed Plaintiff and stood with their knee on Plaintiff's neck. Plaintiff was paralyzed for a year and still has very limited motion.

14. At all pertinent times, Defendants City and/or Beeville Police Department authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## FIRST CLAIM FOR RELIEF - - §1983

15. The allegations contained in Paragraphs 12 thru 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

16. The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. §1983.

17. The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

18. 42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendants, jointly and/or severally deprived Plaintiff of his Fourth

5

Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

- a) by attempting to detain Plaintiff in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause;

- b) by using excessive force and/or deadly force in the course of Defendants' attempted custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore plead that he was unlawfully beaten and shot. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

- c) by failing to provide medical attention, where the necessity of same was clearly necessary, required by law, and/or needed; and

- d) by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed.

19. Defendants' actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendants' actions. In light of the fact that Plaintiff was merely a passenger in a vehicle being pulled over for a traffic stop, it is initially absurd that Defendants would deem force (much less the use of a deadly weapon such as a gun) was warranted and/or required. Furthermore, Plaintiff never posed an immediate threat to the safety of Defendants. For these and other reasons, it was objectively unreasonable for Defendants to beat, taze and paralyze Plaintiff.

20. **§ 1983 - Excessive Force** Plaintiff pleads that Defendants used excessive force and/or deadly force in the course of the officer's supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff, in violation of the Fourth Amendment and its

"reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted when he was beaten, tazed, and paralyzed. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

21. Under §1983, Defendant City is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant City failed to properly train and failed to properly supervise its officers. Defendant City is liable under §1983, as there is a causal connection between Defendant William's actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant City did not discipline Defendants Gamez, Baron, Vasquez, Hazelton, Berry, Jefferson, Miller and Sanchez for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Plaintiff's civil rights. Defendant City's failure to supervise or train amounted to gross negligence or deliberate indifference.

22. It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant City is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing

to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7) failing to impose proper and sufficient policies and/or procedures as to the use of force and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Plaintiff and was the "cause in fact" of his injuries.

23. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City. Liability for Defendant City is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the city employees -- namely police officer -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

24. Moreover, Defendant City is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant City because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

25. Plaintiff further alleges that Defendants, jointly and/or severally have violated his Fourth Amendment rights when he was unreasonably and unlawfully detained.

26. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City. Liability for Defendant City is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City's unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City is liable under §1983 for failing to adopt clear policies outlining the criteria for detaining and using force against inmates/detainees/arrestees.

27. Moreover, Defendant City is liable for the inadequate training of its deputies/officers under §1983. Liability attaches to Defendant City because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## SECOND CLAIM FOR RELIEF - - Assault

28. The allegations contained in Paragraphs 12 thru 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

29. As a pendent state cause of action, at all times material and relevant herein, the individual Defendant, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff

through unconsented physical contact with him.

30. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendants Gamez, Baron, Vasquez, Hazelton, Berry, Jefferson, Miller and Sanchez committed an assault upon Plaintiff when they intentionally, knowingly, and/or recklessly caused Plaintiff to be assaulted, tazed and paralyzed. Said assaultive conduct of said Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Defendants' Gamez, Baron, Vasquez, Hazelton, Berry, Jefferson, Miller and Sanchez wrongful acts and a natural and direct result of the assault.

31. At no time were said Defendants privileged to take the action, as force was not necessary. Moreover, said Defendants' assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.

## **DAMAGES**

32. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress, associated with his beating.

33. Said injuries have caused Plaintiff to incur special damages which include but are not limited to:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Bee County, Texas;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  c. Physical pain and suffering in the past;
  d. Physical pain and suffering in the future;
  e. Mental anguish in the past;
  f. Mental anguish in the future;
  g. Physical impairment in the past;
  h. Physical impairment which, in all reasonable probability, will be suffered in the future;
  i. Disfigurement in the past;
  j. Disfigurement in the future;
  k. Loss of body capacity;
  l. Loss of mental and intellectual function;
  m. Loss of spousal/parental/filial consortium in the past;
  n. Loss of spousal/parental/filial consortium in the future;
  o. Loss of earnings in the past; and
  p. Loss of earning capacity in the future.

34. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

35. In addition, Plaintiff prays for punitive damages against the individual defendant named herein. Punitive damages are designed to punish and deter persons such as Defendants Gamez, Baron, Vasquez, Hazelton, Berry, Jefferson, Miller and Sanchez who have engaged in egregious wrongdoing. Punitive damages may be assessed under §1983 when the defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against Defendants in an amount to punish and/or deter and to make an example of that Defendants in order to prevent similar future conduct; and that Plaintiff recover against each Defendants all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and

postjudgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendants any and all other general or specific relief to which he may prove himself justly entitled.

> Respectfully submitted,
>
> GALE LAW GROUP, PLLC
> P.O. Box 2591
> Corpus Christi, Texas 78403
> Telephone: (361)808-4444
> Telecopier: (361)232-4139
> Email: Chris@GaleLawGroup.com
>
>
> By: /s/ Christopher J. Gale
>     Christopher J. Gale
>     Southern District Bar No. 27257
>     Texas Bar Number 00793766
> *Attorney-in-Charge for Plaintiff*
>
>     Amie Augenstein Pratt
>     E-mail: Amie@GaleLawGroup.com
>     Southern District Bar No. 2236723
>     Texas Bar No: 24085184
> *Attorneys for Plaintiff*

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).